DAVID E. KAHN, City Attorney (98128)
KATHRYN A. BERRY, Senior Assistant City Attorney (99325)
REBECCA L. MOON, Assistant City Attorney (167981)
ROBERT L. BOCO, Assistant City Attorney (197032)
CITY OF SUNNYVALE
OFFICE OF THE CITY ATTORNEY
456 West Olive Ave.
Sunnyvale, CA 94086
(408) 730-7464 (voice)
(408) 730-7468 (fax)

Attorneys for Defendant
JAMES ANTON, BENJAMIN HOLT, and
SUNNYVALE DEPARTMENT OF PUBLIC SAFETY

**FILED**
JUL 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| JAMES ALAN BUSH,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES ANTON, BENJAMIN HOLT,<br>SUNNYVALE DEPARTMENT OF PUBLIC<br>SAFETY,<br><br>Defendants. | Case No. C08 03459 HRL<br><br>NOTICE OF RELATED CASE<br><br>BY FAX |

Defendant is informed and believes that the case *Bush v. Sunnyvale Dept. of Public Safety*, 5:08-CV-01354-JF, is related to the above-entitled case in that the actions involve the same parties and arise out of the same events, and it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Dated: July 17, 2007                    CITY OF SUNNYVALE

                                        By: _____
                                             Rebecca L. Moon
                                             Assistant City Attorney

1  DAVID E. KAHN, City Attorney (98128)
   KATHRYN A. BERRY, Senior Assistant City Attorney (99325)
2  REBECCA L. MOON, Assistant City Attorney (167981)
   ROBERT L. BOCO, Assistant City Attorney (197032)
3  CITY OF SUNNYVALE
   OFFICE OF THE CITY ATTORNEY
4  456 West Olive Ave.
   Sunnyvale, CA 94086
5  (408) 730-7464 (voice)
   (408) 730-7468 (fax)

Attorneys for Defendants
JAMES ANTON, BENJAMIN HOLT, and
SUNNYVALE DEPARTMENT OF PUBLIC SAFETY

FILED
JUL 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

| JAMES ALAN BUSH, | ) Case No.: C08 03459 HRL |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) NOTICE OF REMOVAL OF SANTA |
|  | ) CLARA COUNTY SUPERIOR COURT |
|  | ) ACTION NO. 1-08-CV-117199 UNDER 28 |
| JAMES ANTON, BENJAMIN HOLT, | ) U.S.C. 1441(B) [Federal Question]; |
| SUNNYVALE DEPARTMENT OF PUBLIC | ) DEMAND FOR JURY TRIAL |
| SAFETY, | ) |
| Defendants. | ) |

BY FAX

TO THE CLERK OF THE NORTHERN DISTRICT UNITED STATES DISTRICT COURT: PLEASE TAKE NOTICE THAT DEFENDANTS DEVON KLEIN AND THE SUNNYVALE DEPARTMENT OF PUBLIC SAFETY HEREBY REMOVE TO THIS COURT THE STATE COURT ACTION DESCRIBED BELOW:

1. On June 15, 2007, Action Number 1-07-CV-117199 was commenced in the Santa Clara County Court captioned "JAMES ALAN BUSH v. JAMES ANTON, BENJAMIN HOLT,

-1-

NOTICE OF REMOVAL OF ACTION

SUNNYVALE DEPARTMENT OF PUBLIC SAFETY." A true copy of plaintiff's complaint is attached hereto as Exhibit "A".

2. The first date upon which the defendants were served with the summons and complaint was July 15, 2008.

3. This action is a civil action of which the Federal Court has original jurisdiction under 28 U.S.C §1331 and is one which may be removed to this Court by defendants pursuant to 28 U.S.C. §1441(b) in that plaintiff pro se claims that the defendants deprived him of civil rights under 42 U.S.C. §1983.

4. The only defendants in the case are the CITY OF SUNNYVALE, JAMES ANTON, and BENJAMIN HOLT, all of whom are represented by the City of Sunnyvale, Office of the City Attorney, and agree to removal.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial in this action.

Dated: July 17, 2008

CITY OF SUNNYVALE

By: _____
Rebecca L. Moon
Assistant City Attorney

-2-

NOTICE OF REMOVAL OF ACTION

# PROOF OF SERVICE BY MAIL
*James Alan Bush v. James Anton, et. al.*
*Case No. Not Assigned*

I am a citizen of the United States and employed in Santa Clara County. My business address is 456 West Olive Avenue, Sunnyvale, California 94086. I am over the age of 18 years and not a party to this action.

On July 17, 2008, I served the following document(s) described as:

**NOTICE TO ADVERSE PARTY AND CLERK OF THE SANTA CLARA COUNTY SUPERIOR COURT OF REMOVAL TO FEDERAL COURT OF ACTION NO. 1-08-CV-117190 UNDER 28 U.S.C. 1441(B) [Federal Question]; DEMAND FOR JURY TRIAL; CIVIL CASE COVER SHEET; NOTICE OF RELATED CASES**

in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

James Alan Bush
1211 East Santa Clara Ave. #4
San Jose, CA 95116

[x] (U.S. MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sunnyvale, California. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that practice is that correspondence is deposited with the United States Postal Service that same day as the day of collection in the ordinary course of business.

[ ] [FACSIMILE] By transmitting a true copy thereof by facsimile transmission from facsimile number (408) 730-7468 to the interested parties in said action at the facsimile number(s) shown above.

[ ] [OVERNIGHT DELIVERY] By placing a true copy thereof enclosed in a sealed envelope with delivery charges to be billed to the City of Sunnyvale, to be delivered by Federal Express Overnight Service to the address(es) shown above.

[ ] [HAND DELIVERED] By delivering a true copy thereof enclosed in a sealed envelope to the address(es) shown above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 17, 2008, at Sunnyvale, CA.

SAM ROBERTS

-3-

NOTICE OF REMOVAL OF ACTION

1  James Alan Bush
   1211 East Santa Clara Avenue #4
2  San Jose, CA 95116
   (408) 217-8282
3
   Petitioner *in pro per*
4

(ENDORSED)
FILED
JUL 14 08
David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By: _____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

SAN JOSE DIVISION

| | |
|---|---|
| James Alan Bush,               )<br>                               )<br>               Petitioner,    )<br>                               )<br>   v.                          )<br>                               )<br>                               )<br>                               )<br> James Anton, Benjamin Holt,   )<br> Sunnvyale Department of Public)<br> Safety,                        )<br>                               )<br>               Respondents.    )<br> _____) | **108CV117199**<br>COMPLAINT FOR DEPRIVATION OF<br>RIGHTS UNDER COLOR OF LAW FOR<br>INVASION OF PRIVACY<br>[Title 42 U.S.C.S. § 1983,<br>U.S. Const., amend. I,<br>Cal. Const. art. I, § 1]<br><br>AND FOR DAMAGES AND INJUNCTIVE<br>RELIEF FOR FAILURE TO MAINTAIN<br>RECORDS PROPERLY<br>[Civ. Code § 1798.45(b), (c),<br>Civ. Code § 1798.18] |

**PRELIMINARY STATEMENT**

Petitioner brings this civil action, pursuant to Civ. Code § 1798.45(b), (c), for injunctive[1] and declaratory[2] relief and damages, against, Respondent, Sunnyvale Department of Public Safety[3], for improper maintenance of records containing information concerning

COMPLAINT FOR GOVERNMENT RECORDS VIOLATION                                    PAGE 1

Exhibit A

1  petitioner, and, in particular, for misrepresenting petitioner's arrest
2  history, falsely imputing petitioner with a mental disorder, and stating
3  that he was addicted to the excessive use of drugs, which is libelous
4  per se [Mattox v. News Syndicate Co. (1949, CA2 NY) 176 F2d 897, 12 ALR
5  2d 988, cert den 338 US 858, 94 L Ed 525, 70 S Ct 100], and constitutes
6  invasion of privacy [U.S. Const., amend. I; Cal. Const. art. I, § 1].
7      Petitioner alleges and can prove that the aforementioned falsehoods
8  and misrepresentations resulted in an unfavorable determination by the
9  Victim's Compensation Board by implying that petitioner contributed to
10 his victimization through his own negligent behavior. Consequently,
11 Petitioner was deprived of over $250,000 in lost wages and other forms
12 of compensation. to which he was rightfully entitled.
13     By defaming petitioner, and portraying him in a false light
14 to neighbors, family, and prospective employers, the respondents
15 irreparably injured his reputation and standing in the community,
16 and exposed him to aversion and ostracism, and deprived him of the
17 confidence and free intercourse of society [Wemple v. Delano (1946) 187
18 Misc 710, 65 NYS2d 322].
19     Moreover, the respondents' libelous statements prejudiced opinion
20 against the petitioner in the law enforcement community-at-large, and
21 caused unfair and unwarranted bias in the exercise of discretion in the
22 duties of law enforcement and judicial officers.

**JURISDICTION**

Any state agency that fails to comply with any provision of the Information Practices Act (Civ. Code §§ 1798-1798.78) may be enjoined by any court of competent jurisdiction. The court may make such order or judgment as may be necessary to prevent the use or employment by an agency of any practices which violate the Act [Civ. Code § 1798.47].

The action for injunctive relief may be prosecuted by a member of the general public, or by any individual acting in his own behalf [Civ. Code § 1798.47].

If the action seeks permanent injunctive relief, it is in the jurisdiction of the superior court and is not a limited civil case [Cal. Const. art. IV, § 10; Code Civ. Proc. §§ 85, 86(a)(8), 580(b)(2)].

A person who has been deprived of his constitutional rights by a state or local official acting under color of state law may also being an action under 42 U.S.C.S. § 1983 in a state court [Ochoa v. Superior Court (1985) 39 Cal. 3d 159, 173, 173 n.10, 216, Cal. Rptr. 661, 703 P.2d 1; Williams v. Horvath (1976) 16 Cal. 3d 834, 837, 129 Cal. Rptr. 453, 548 P.2d 1125]. A person seeking a redress of his personal rights under color of state law is not required to first exhaust state administrative or judicial remedies [Monroe v. Paper (1961) 365 U.S. 167, 183, 81 S. Ct. 473, 5 L. Ed. 2d 492].

**VENUE**

An action to enforce any liability created under Civ. Code §§ 1798.45-1798.48 (civil remedies for violation of Information Practices Act) may be brought in any court of competent jurisdiction in the

county in which the complainant resides or in which the respondent's records are situated [Civ. Code § 1798.49].

In an action for invasion of privacy, venue is proper in the county where the respondents, or some of them, reside at the commencement of the action [Code Civ. Proc. § 395(a)].

**PARTIES**

1. Petitioner is an individual, as defined in Civ. Code § 1798.3(d), and is therefore lawfully entitled to bring this cause of action for failure to properly maintain his personal records pursuant to Civ. Code § 1798.45(b), (c). Petitioner, at all times mentioned herein, was a resident of the City of Sunnyvale, County of Santa Clara, State of California, residing at 1220 Tasman Drive SPC 379.

2. Respondent, Sunnyvale Department of Public Safety ("SDPS"), is a law enforcement agency, charged with the enforcement of law and order in the City of Sunnyvale, County of Santa Clara, State of California.

3. Respondent, James Anton (Badge No. 12008), at all times mentioned herein, was a crime scene investigator, employed by the Sunnyvale Department of Public Safety, acting under color of law, and is being sued in his official and individual capacity; Respondent Anton wrote Incident Report No. 06-5149.

4. Respondent, Benjamin Holt (Badge No. 14954), at all times mentioned herein, was a law enforcement officer, employed by the Sunnyvale Department of Public Safety, acting under color of law, and is being sued in his official and individual capacity; Respondent Holt

1  wrote Supplemental Report No. 06-5149.

2

3  **FACTUAL ALLEGATIONS**

4  5. Respondent SDPS maintains Report No. 06-5149, which contains

5  falsehoods and mischaracterizations of true facts that portray

6  petitioner in a false light and grossly misrepresents the events,

7  relationships, and circumstances, in which the report describes

8  [Civ. Code §§ 1798.18, 1798.45(b)]. This record contains the following

9  purported information concerning petitioner:

> On 05-18-06 at approximately 0350 hrs, PSO Holt and I responded to 1220 Tasman #379 in an attempt to conduct follow-up investigation on a case that had occurred earlier in the evening (refer to PSO Holt's narrative for details). We responded to the mobile home to establish if the subject of an earlier arrest was in fact associated with the residence as she had claimed.
> I had knowledge that James Bush has been arrested several times for being under the influence of a controlled substance after calling the Police to report intruders and other activity that had been the result of paranoia. I had personally responded to the residence on several previous occasions for controlled substance-related events. One of those events included a controlled substance manufacturing case where a handgun was also recovered (03-31-06, CR06-3298).
> On another event, I had contacted a Daniel Na[p]olitan outside the residence. Prior to our contact at the residence, dispatch advised that Na[p]olitan had two outstanding misdemeanor warrants for his arrest.
> After arriving at the mobile home ... PSO Holt knocked and we received no response, PSO Holt and I began to walk away from the residence. As I began leaving the driveway area, a vehicle drove up and stopped directly in front of the home. I immediately recognized the passenger as James Bush, the owner of the home. Bush and I had discussed on prior occasions that he had a habit of inviting people he didn't know very well to live with him. This often put Bush in a position to call the Police when those associates overstayed their welcome, stole from him, or otherwise made him uncomfortable. Bush had always admitted to me that he needed to stop doing this. When I saw Bush, I casually asked him,

"Hi[,] Mr. Bush, what are you up to?" Bush immediately stated that he had just kicked "Danny" and "some crazy chick named [Laurene]" out of his house that evening. After asking Bush if anyone was inside the residence, he stated that he did not know. He then stated that he wanted "Danny" out of his house (if he was in there). When I asked if Danny had been "using" methamphetamine, Bush nodded yes. Bush then told me that a "Robert" was also in the home. When I asked if "Robert" was allowed to stay in the residence, Bush told me that "Robert has issues," but that he did not have to leave immediately. Bush then provided me with his house keys and requested that I check his house to ensure "Danny" was no longer there.

A copy of this report, and its supplement, are attached hereto as Exhibits "A" and "B", respectively, and are made a part hereof.

6. This purported information concerning petitioner contained in respondent agency's records is inaccurate, incomplete, or irrelevant.

7. Petitioner contradicts the respondent's account of events with these facts:

- The respondents were not leaving petitioner's residence as he arrived; they were actively searching his property, shining flashlights in the front, side and rear windows of petitioner's home.

- An hour prior to the events described in the report, the respondents asked Long Cao to take petitioner to a local restaurant, so they could move onto petitioner's property, wait for him to return, and, then, procure his arrest under false and untenable premises.

- The respondents ordered Long Cao to stop his vehicle, and, then ordered both the petitioner and Long Cao to exit the vehicle,

and then instructed them to sit on petitioner's driveway.

- The respondents asked for petitioner's only set of house and car keys to verify petitioner's claim that Daniel Napolitan was not inside his home. Petitioner provided his keys to the respondents upon demand; however, the respondents did not return petitioner's keys, costing petitioner $450 for replacements, and depriving him of the use of his only vehicle for nearly two weeks. After petitioner was arrested, his house keys were used to access his residence and unlock a closet, from which petitioner's property was stolen.

- The respondents asked petitioner to help subdue Robert Bradford, who was highly agitated, and threatened to kill himself and the respondents, while wielding a 13-inch knife.

8. Petitioner contradicts statements by the respondents that were made about him and his relationship to the third parties described herein:

- Petitioner did not regard Daniel Napolitan and Robert Bradford as roommates, and petitioner asked the respondents to remove them from his home on multiple occassions, the most recent request being made just two weeks prior. Petitioner informed the respondents that he had reiterated his demand to Daniel Napolitan and Robert Bradford to leave his home that day. Petitioner also provided the respondents with an extensive and detailed account of the crimes committed against him by Napolitan and Bradford, as well as others, which included photographs and audio recordings, to substantiate his claim

```
 1         that he was not an associate of Daniel Napolitan or Robert
 2         Bradford. The respondents never asked the petitioner if
 3         Laurene Weber was associated with his residence. Regardless,
 4         maintenance of information on First Amendment activities, e.g.,
 5         freedom of association, is prohibited in state agency records.
 6       • Petitioner did not suffer from paranoia, drug-induced or
 7         otherwise, nor did any mental impairment or intellectual
 8         weakness imputed to him by the respondents lead to the willful
 9         and habitual association with persons with a propensity towards
10         criminal conduct.
11       • Petitioner did not implicate Daniel Napolitan in the use of
12         methamphetamines, nor was Napolitan arrested for the use of
13         controlled substances. A search conducted by the respondents
14         revealed no controlled substances in Petitioner's home or on
15         his person.
16       • Prior to May 18th, 2006, Petitioner was not arrested several
17         times for use of a controlled-substance, and there were no
18         controlled-substance related events at petitioner's residence.
19         Petitioner was the complainant in Incident Report No. CR06-3298,
20         and, on the night therein described, he was assaulted by
21         Respondent Casey, who was armed with a "working handgun, with
22         readily accessible ammunition."
23       • On no occassions did the petitioner falsely report crime to the
24         respondents.
25   9. At the times mentioned herein, petitioner was unaware, and had
26      no way of being aware, of the inaccuracy and irrelevance of the
```

1  information maintained by the respondents.

2  10. In October, 2006, Petitioner was not made aware of the inaccurate,
3      incomplete, and irrelevant information maintained by the
4      respondents by his attorney. Upon discovery, Petitioner requested
5      the respondents to include an amendment to the report, and to
6      retract the aforementioned defamatory material; however, the
7      respondents refused this request, and petitioner's subsequent
8      request to include a statement of disagreement in the report, in
9      violation of Civ. Code §§ 1798.35, 1798.36.

10 11. Respondents were not privileged to make these claims about the
11     petitioner, and they slander petitioner by attributing undesirable
12     characteristics to him without justification and in the absence of
13     supporting facts.

14

15                              **DAMAGES**

16 12. The records were disseminated by respondent with such reckless
17     disregard and carelessness as to its truth or falsity as to
18     indcate an utter disregard of the rights of petitioner; and the
19     consequences of respondent's actions maliciously, negligently,
20     and inexcusably exposed petitioner to contempt and ridicule, and
21     impeached petitioner's honesty, integrity, virtue, and reputation.
22 13. Following respondents' defamatory communication, Petitioner
23     was prevented from securing employment that he would have been
24     otherwise able to secure prior to the publication of the libel, to
25     the damage of petitioner in the amount of $250,000.
26 14. Respondent's failure to properly maintain records precluded

1 | Petitioner from qualifying for compensation from the Crime Victim's
2 | Restitution Fund.
3 | 15. This adverse determination was made on the basis of the above-
4 | described information concerning Petitioner contained in respondent
5 | agency's records. The manner in which Respondent maintained the
6 | respondent agency's records containing information concerning
7 | Petitioner denied him fairness in the determination in that he
8 | was regarded as a negligent contributor to the criminal conduct
9 | by which he was actually victimized [Civ. Code § 1798.18], and
10 | as a party to, and not a victim of, the crimes committed. The
11 | adverse result of the determination was a proximate result
12 | of failure of the Respondent to properly maintain its records
13 | [Civ. Code §§ 1798.18, 1798.45(b)].
14 | 16. As a proximate result of the conduct of the respondents as herein
15 | alleged, petitioner has suffered damages in the amount equal
16 | to that which he would have been awarded by the Crime Victim's
17 | Compensation Fund in lost wages [Gov. Code § 13957.5(a)(1)].

### PRAYER FOR RELIEF

WHEREFORE, Petitioner prays for judgment as follows:

1. For a declaration of fact to resolve the dispute between parties in regards to the statements in controversy; and, for an injunction, ordering the respondents to correct the police report to accurately reflect the petitioner's arrest record [Civ. Code §§ 1798.35, 1798.36];
2. For a determination of respondents' liability for the loss of Petitioner's house and car keys, and of property stolen from his

1    home on May 18th, 2006;

2  3. For a declaration that any award for damages does not preclude
3     further damage awards to Petitioner for defamation and false light
4     invasion of privacy, and false arrest and false imprisonment or
5     abuse of process, and unlawful search and seizure; and,

6  4. For the costs of the suit herein, plus reasonable attorney's fees;
7     and, for damages, including mental suffering, as determined by the
8     court [Civ. Code § 1798.48].

### VERIFICATION

I, James Alan Bush, Petitioner in the above-entitled action, have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters that are therein alleged on information and belief; and, as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in San Jose, California.

Petitioner: _____     Dated: 7/4-08

SUNNYVALE OCA    Fax    Jul 17 2008 01:25pm P002/002

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
James Alan Bush

## DEFENDANTS
James Anton, Benjamin Holt, Sunnyvale Department of Public Safety

(b) County of Residence of First Listed Plaintiff  Santa Clara County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Santa Clara County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

James Alan Bush, in pro per
1211 East Santa Clara St. #4
San Jose, CA 95116

Attorneys (If Known)

Rebecca L. Moon, Asst. City Attorney
City of Sunnyvale

**C08 03459 HRL**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury—Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury — Product Liability | 625 Drug Related Seizure of Property 21 USC 881 |  | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / PERSONAL PROPERTY / 370 Other Fraud | 690 Other |  | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability |  / 385 Property Damage Product Liability |  | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise |  | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS / 730 Labor/Mgmt.Reporting & Disclosure Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting |  | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | 510 Motions to Vacate Sentence / 740 Railway Labor Act |  | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | Habeas Corpus: / 790 Other Labor Litigation |  | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 530 General / 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty |  | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property |  | 540 Mandamus & Other | 870 Taxes (U.S. Plaintiff or Defendant) |  |
|  | 446 Amer. w/Disabilities - Other | 550 Civil Rights / IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
|  | 440 Other Civil Rights | 555 Prison Condition / 462 Naturalization Application |  |  |
|  |  | 463 Habeas Corpus — Alien Detainee |  |  |
|  |  | 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983

Brief description of cause:
Violation of right to privacy and other civil rights

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". C-08-01354 (RS) JF

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE: 7/17/08

SIGNATURE OF ATTORNEY OF RECORD