1  DAVID E. KAHN, City Attorney (98128)
   KATHRYN A. BERRY, Senior Assistant City Attorney (99325)
2  REBECCA L. MOON, Assistant City Attorney (167981)
   ROBERT L. BOCO, Assistant City Attorney (197032)
3  CITY OF SUNNYVALE
   OFFICE OF THE CITY ATTORNEY
4  456 West Olive Ave.
   Sunnyvale, CA 94086
5  (408) 730-7464 (voice)
   (408) 730-7468 (fax)
6
   Attorneys for Defendants
7  JAMES ANTON, BENJAMIN HOLT, and
   SUNNYVALE DEPARTMENT OF PUBLIC SAFETY
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF THE STATE OF CALIFORNIA

| JAMES ALAN BUSH, | ) Case No.: C 08-03459 HRL |
|---|---|
| Plaintiff, | ) **MOTION FOR DISMISSAL [FRCP 12(b)(6)], OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)], OR IN THE ALTERNATIVE, MOTION TO DISMISS OR QUASH FOR DEFECTIVE SERVICE OF PROCESS [FRCP 12(b)(5)]** |
| vs. | |
| JAMES ANTON, BENJAMIN HOLT, SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, | |
| Defendants. | ) Date: September 9, 2008<br>) Time: 10:00 a.m.<br>) Dept.: 2<br>) Hon. Howard R. Lloyd |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on September 9, 2008, at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 4 of the above-entitled court, located at 280 S. First Street, San Jose, California, Defendants James Anton, Benjamin Holt and the Sunnyvale Department of Public Safety will and hereby do move as follows:

-i-

_____
MOTION FOR DISMISSAL, etc.                                        C 08-03459 HRL

The Defendants move to dismiss the complaint on the ground that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Defendants request that the Court order Plaintiff to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). In the alternative, Defendants move to dismiss or quash the complaint on the ground of improper service under Federal Rule of Civil Procedure 12(b)(5).

Dated: July 31, 2008                     CITY OF SUNNYVALE


By: _____/S/_____
        Rebecca L. Moon
        Assistant City Attorney
        Attorneys for Defendants
        CITY OF SUNNYVALE, JAMES
        ANTON and BENJAMIN HOLT

-ii-

MOTION FOR DISMISSAL, etc.                                                    C 08-03459 HRL

# TABLE OF CONTENTS

I.    **INTRODUCTION**..........................................................................................1

II.    **ARGUMENT**................................................................................................2

    A.    PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA (CLAIM PRECLUSION) ………………………. 3

    B.    ADDITIONAL GROUNDS FOR DISMISSAL OF PLAINTIFF'S FEDERAL CAUSE OF ACTION ……………………..………………. 5

        1.    Plaintiff's section 1983 claim is barred by the statute of limitations. …………………………………………............. 5

        2.    Plaintiff has not alleged sufficient facts to support a section 1983 cause of action based on an invasion of privacy. ………… 5

        3.    Injury to reputation alone is not actionable under section 1983. 6

        4.    Defendants' alleged actions do not "shock the conscience" for purposes of Fourteenth Amendment analysis. ………….............. 7

        5.    The officers are entitled to qualified immunity. …………........... 8

        6.    Plaintiff does not allege the existence of an unconstitutional policy or custom. ……………………………………………… 8

    C.    ADDITIONAL GROUNDS FOR DISMISSAL OF PLAINTIFF'S STATE CAUSES OF ACTION ……………………………………… 9

        1.    Plaintiff has not alleged compliance with the Government Claims Act. ……………………………………………………. 9

        2.    The Statute of Limitations has expired. ………………………… 9

        3.    The California Information Practices Act does not apply to cities. ……………………………………………………. 9

        4.    Any state law causes of action for defamation and/or invasion of privacy is barred by California Government Code § 821.6. (prosecutorial immunity). ………..………………. 10

        5.    Plaintiff has not pled sufficient facts to state a claim for invasion of privacy under the California Constitution. …… 10

    D.    THE COMPLAINT SHOULD BE DISMISSED OR QUASHED FOR DEFECTIVE SERVICE OF PROCESS …………………..………… 10

III.    **CONCLUSION** ..........................................................................................11

-iii-

MOTION FOR DISMISSAL, etc.                                                        C 08-03459 HRL

# TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S.Ct. 1955 (2007) ............ 3

*Blankenhorn v. City of Orange*, 485 F.3d 463 ............ 8

*Bureerong v. Uvawas,* 922 F.Supp. 1450 (C.D. Cal. 1996.) ............ 3

*City of Stockton v. Superior Court*, 42 Cal.4th 730 (2008) ............ 9

*Conerly v. Westinghouse Elec. Corp.,* 623 F.2d 117 (9th Cir. 1980) ............ 5

*Cooper v. Dupnik,* 924 F.2d 1520 (9th Cir. 1991) ............ 7

*County of Sacramento v. Lewis,* 523 U.S. 833 (1988) ............ 8

*Gillan v. City of San Marino,* 147 Cal.App.4th 1033 ............ 10

*Hart v. Parks,* 450 F.3d 1059 (9th Cir. 2006) ............ 7

*Hill v. National Collegiate Athletic Assn.,* 7 Cal.4th 1 (1994) ............ 10

*In re Crawford*, 194 F.3d 954 (9th Cir. 1999) ............ 5, 6

*Jackson v. Hayakawa,* 682 F.2d 1344 (9th Cir. 1982) ............ 11

*Jones v. Blanas,* 393 F.3d 918 (9th Cir.2004) ............ 5

*Monell v. Dep't of Social Services,* 436 S.Ct. 658, 98 S.Ct. 2018 (1978) ............ 8

*Nevada v. United States,* 463 U.S. 110, 130, 103 S.Ct. 2906 (1983) ............ 4

*Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708 (9th Cir. 2001) ............ 4

*Paul v. Davis,* 424 U.S. 693, 703, 96 S.Ct. 1155 (1976) ............ 6

*Robertson v. Dean Witter Reynolds, Co.,* 749 F.2d 530 (9th Cir. 1984) ............ 2

*Roe v. Sherry,* 91 F.3d 1270 (9th Cir. 1996) ............ 6

*Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151 (2001) ............ 8

*Vanelli v. Reynolds School Dist. No. 7,* 667 F.2d 773 (9th Cir. 1982) ............ 7

*Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189 (9th Cir.1997) ............ 4

*Western Systems, Inc. v. Ulloa,* 958 F.2d 864 (9th Cir. 1992) ............ 4

*Wolff v. McDonnell,* 418 U.S. 539, 558 (1974) .............................................................................. 7

**Statutes**

2 Cal. Code Regs. § 649.40 .......................................................................................................... 7

2 Cal. Code Regs. § 649.61(a) . ..................................................................................................... 7

42 U.S.C. § 1983……………………………………………………………………………… 1, 6

Cal. Code Civ. Proc. § 335.1 .................................................................................................... 5, 9

Cal. Code Civ. Proc. § 414.10 ..................................................................................................... 10

Civil Code § 1798 *et. seq.* ......................................................................................................... 1, 9

Civil Code § 1798.3(b)(4) ............................................................................................................. 9

Cal. Gov. Code § 905..................................................................................................................... 9

Cal. Gov. Code § 911.2.................................................................................................................. 9

Cal. Gov. Code § 945.4.................................................................................................................. 9

Cal. Gov.Code § 821.6............................................................................................................. 9, 10

Cal. Gov. Code § 6254(f)............................................................................................................... 6

Cal. Gov. Code § 13950 *et seq.* ..................................................................................................... 7

Cal. Gov. Code § 13955(f) ............................................................................................................. 7

Cal. Gov. Code § 13959 ................................................................................................................. 7

FRCP 4......................................................................................................................................... 11

FRCP 4(c)(2)................................................................................................................................ 10

FRCP 12(b)(5) ............................................................................................................................. 11

FRCP 12(b)(6) ..................................................................................................................... 2, 3, 11

FRCP 12(e) ......................................................................................................................... 2, 3, 11

-v-

MOTION FOR DISMISSAL, etc.                                                        C 08-03459 HRL

I.

# INTRODUCTION

Plaintiff James Alan Bush brings this *pro per* action against the Sunnyvale Department of Public Safety and Sunnyvale Public Safety Officers James Anton and Benjamin Holt under 42 U.S.C. § 1983 for "deprivation of rights under color of law for invasion of privacy" pursuant to the Fourteenth Amendment of the U.S. Constitution and various state law torts. The gravamen of the complaint is that a police report concerning an incident on May 18, 2006, allegedly misrepresented plaintiff's arrest history and falsely imputed that plaintiff has a mental disorder and was "addicted to the excessive use of drugs". (Complaint, page 2, lines 1-3.)[1]  Plaintiff alleges that the report, by implying that he "contributed to his victimization," deprived him of over $250,000 lost wages and other compensation to which he would have been entitled from the Victim's Compensation Board. He further alleges that the information was libelous and that the defendants violated the California Information Practices Act (Civil Code §1798 *et. seq.*).

This is one of at least eleven cases which plaintiff has filed in the past two years against various defendants including the City of Sunnyvale and others, alleging civil rights violations, employment discrimination, legal malpractice and other tort causes of action against an assortment of public entities, corporations and individual defendants. The Sunnyvale Department of Public Safety was a defendant three previous cases which were dismissed with prejudice on October 17, 2007, for failure to prosecute, to wit: *Bush v. Sunnyvale Police Dept., et. al.* (507-CV-00831-JF), *Bush v. Pinto et. al.* (507-CV-04241-JF), and *Bush v. Cao et. al.*

---

[1] The complaint indicates that the police report and supplemental report are attached as exhibits (see Complaint, page 6, lines 8-9); however, the attachments were not included with the copy that was delivered to defendants.

-1-

MOTION FOR DISMISSAL, etc.                                                                                         C 08-03459 HFL

(507-CV-04460-JF). (See Defendant's Request for Judicial Notice, Exh. 5.)[2]

The dismissal with prejudice of these prior cases is an absolute bar to the present action. Therefore, the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. In addition, the complaint (even if liberally construed) fails to state a claim under any of the asserted causes of action, and is vague and ambiguous under Rule 12(e). If the complaint is not dismissed, defendants request that plaintiff be required to file a more definite statement within ten days.

Finally, as separate ground for dismissal of the complaint, plaintiff improperly attempted to serve the summons by delivering it himself to the Sunnyvale Department of Public Safety, rather than using a process server or other non-party as required by both California and Federal Rules of Civil Procedure. Service of the summons was defective and therefore the complaint should be dismissed, or service should be quashed, under Federal Rule of Civil Procedure 12(b)(5).

## II.

## ARGUMENT

A claim can be dismissed as a matter of law when there is "(1) a lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." *Robertson v. Dean Witter Reynolds, Co.,* 749 F.2d 530, 534 (9th Cir. 1984). In the present case, plaintiff's claims are barred as a matter of law by the dismissal with prejudice of his prior complaints. Moreover, the present complaint fails to state a cause of action due to lack of a cognizable legal theory,

---

[2] The ten other cases filed by plaintiff (besides the present case) are: (1) *Bush v. Sunnyvale Police Dept., et. al.* (507-CV-00831-JF), (2) *Bush v. Bichel et. al.* (507-CV-03641-JF), (3) *Bush v. Santa Clara Valley Medical Center et. al.* (507-CV-03942-JF), (4) *Bush v. Pinto et. al.* (507-CV-04241-JF), (5) *Bush v. Bickel et. al.* (507-04261-JF), (6) *Bush v. Cao et. al.* (507-CV-04460-JF), (7) *Bush v. United States Attorney General, et. al.* (508-CV-00539-JF), (8) *Bush v. Cloudmark et. al.* (508-CV-01272-JW), (9) *Bush v. Sunnyvale Department of Public Safety, et. al.* (508-CV-03154-JF), and (10) *Bush v. Klein et. al.* (508-CV-03456-RS).

-2-

MOTION FOR DISMISSAL, etc.                                                                          C 08-03459 HFL

insufficient facts, or both. Plaintiff's complaint largely consists of statements of law and legal conclusions, and the few facts which are alleged are inadequately pled, thus rendering the complaint vague and ambiguous.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations [cit.], a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do". *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, 127 S.Ct. 1955, 1965 (2007). The court "need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory allegations in the form of factual allegations." *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1462 (C.D. Cal. 1996.)

In addition, Rule 12(e) states that "[i]f a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." In this case, it is unclear whether plaintiff is claiming that the information in the police report was untrue and therefore libelous, or true but irrelevant and therefore an invasion of privacy, or whether he is simply claiming that various misstatements, inaccuracies or factual omissions in the report itself constitute a violation of his civil rights.

Therefore, if the complaint is not dismissed, defendants request that plaintiff be ordered to resubmit a pleading where plaintiff asserts precisely what factual allegations are being made and the relationship between each factual allegation and each "claim" or cause of action.

### A.

### PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA (CLAIM PRECLUSION)

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of

-3-

any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997). The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* The prior judgment is conclusive "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Western Systems, Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir. 1992), quoting *Nevada v. United States,* 463 U.S. 110, 130, 103 S.Ct. 2906 (1983).

Here, the second and third elements of claim preclusion are met because the plaintiff is the same person, and because an involuntary dismissal for failure to prosecute operates as an "adjudication on the merits." *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001). With regard to the first element, there is an "identity of claims" if the actions involve the same "transactional nucleus of facts." *Id.* The specific legal theories asserted are not relevant, because "[d]ifferent theories supporting the same claim for relief must be brought in the initial action." *Western Systems, supra,* 958 F.2d at 871.

Three of plaintiff's previous cases, like the present case, assert civil rights violations and tort causes of action arising out of interactions that plaintiff had with the Sunnyvale Department of Public Safety in 2006. In particular, in *Bush v. Sunnyvale Police Dept., et. al.* (507-CV-00831-JF), plaintiff made various allegations based on several incidents from March 31, 2006, through June 15, 2006. (Request for Judicial Notice, Exh. 1, page 5, ¶ 1, and page 8, ¶12). In *Bush v. Cao* (507-CV-04460-JF), plaintiff alleged that the Sunnyvale Department of Public Safety defamed him and invaded his privacy. (Request for Judicial Notice, Exh. 3, page 5, lines 18-21; see also page 9, lines 15-22, and page 11, lines 17-21). Similarly, in *Bush v. Pinto et. al.* (507-CV-04241-JF), plaintiff alleged that the Sunnyvale Department of Public Safety disclosed "confidential information" regarding plaintiff's "alleged disabilities" (Request for Judicial

-4-

MOTION FOR DISMISSAL, etc.                                                                                                           C 08-03459 HFL

Notice, Exh. 2, page 7, lines 2-4) and made "slanderous and defamatory statements" about plaintiff (*id.,* page 10, lines 3-7).

Although plaintiff has attempted to plead his latest case in somewhat different terms, all his claims arise out of the same series of events involving his disputes with the Sunnyvale Department of Public Safety (and others) in 2006. Plaintiff's failure to diligently prosecute his prior actions does not entitle him to continue to litigate his claims in successive, duplicative lawsuits. Therefore, the complaint should be dismissed.

### B.

### ADDITIONAL GROUNDS FOR DISMISSAL OF PLAINTIFF'S FEDERAL CAUSE OF ACTION

**1**     **Plaintiff's section 1983 claim is barred by the statute of limitations.**

The incident giving rise to this claim occurred on May 18, 2006 (see Exhibit A to the complaint). Plaintiff's complaint was filed on July 14, 2008. Section 1983 claims are subject to the applicable state cause of action for personal injury, which in California is two years. See *Jones v. Blanas,* 393 F.3d 918, 927 (9th Cir.2004); Cal. Code Civ. Proc. § 335.1. Here, it appears that plaintiff's section 1983 action is time-barred, and plaintiff has not alleged facts that would support a finding that the statute of limitations was tolled. When a statute of limitations defense shows on the face of the complaint, the burden of alleging facts which would extend the statute falls on the plaintiff. *Conerly v. Westinghouse Elec. Corp.,* 623 F.2d 117, 120 (9th Cir. 1980).

**2.**     **Plaintiff has not alleged sufficient facts to support a section 1983 cause of action based on an invasion of privacy.**

The complaint appears to allege a violation of an interest in "informational privacy," i.e., an interest in avoiding disclosure of sensitive personal information. See, e.g., *In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999). The Ninth Circuit recognizes that "indiscriminate disclosure" of certain personal information may implicate the constitutional right to privacy. *Id.*

-5-

MOTION FOR DISMISSAL, etc.                                                                                           C 08-03459 HFL

The right to "informational privacy," however, is a "conditional right which may be infringed upon a showing of proper governmental interest." *Id.* at 959. The factors which courts consider in deciding whether an intrusion into an individual's privacy is justified include the type of information requested, the potential for harm in any subsequent nonconsensual disclosure, the adequacy of safeguards to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access. *Id.*

Here, plaintiff alleges that the defendant officers should not have included references to his arrest history and drug use in the police report. Police reports are not public records under California law, and are potentially discloseable only to a limited category of persons with a need to know, such as the victims of a crime. See Cal. Gov. Code § 6254(f). Obtaining private information and including it in a police report is justified by a legitimate law enforcement purpose and cannot give rise to a constitutional invasion of privacy claim. See *Roe v. Sherry,* 91 F.3d 1270, 1274 (9th Cir. 1996). Here, it is unclear how plaintiff claims that the information in the police report (a non-public document) violated his right to informational privacy, as there is no allegation that any of the information was improperly disclosed.

### 3. **Injury to reputation alone is not actionable under section 1983**.

To the extent plaintiff claims that information in the report was untrue, then presumably the basis of his section 1983 claim is not invasion of privacy, but defamation. The Fourteenth Amendment provides that no person shall be deprived of "life, liberty, or property, without due process of law." In *Paul v. Davis,* 424 U.S. 693, 703, 96 S.Ct. 1155, 1161 (1976), the Supreme Court held that injury to reputation alone is not actionable under 42 U.S.C. § 1983, because reputation itself is not a protected interest in liberty or property. Under what has become known as the "stigma-plus" test, the plaintiff must allege that the injury to reputation occurred *in conjunction with* a loss of a recognizable liberty or property interest, such as loss of a job as a

-6-

MOTION FOR DISMISSAL, etc.                                                                                      C 08-03459 HFL

result of a wrongful arrest. *Hart v. Parks,* 450 F.3d 1059, 1069-1070 (9th Cir. 2006); *Cooper v. Dupnik,* 924 F.2d 1520, 1532 (9th Cir. 1991); *Vanelli v. Reynolds School Dist. No. 7,* 667 F.2d 773, 777-778 (9th Cir. 1982).

Here, plaintiff alleges that the police report, by implying that he contributed to his own victimization, resulted in his loss of over $250,000 in wages and other compensation from the California Victim's Compensation Board. The California Victim Compensation program (Calif. Gov. Code §13950 et. seq.) provides monetary compensation to certain victims of violent crimes. However, plaintiff does not allege that he met the requirements for compensation. For example, Government Code § 13955(f) provides that the victim must have suffered a physical injury, emotional injury and a threat of physical injury, or the claimant must be the victim of certain enumerated sexual crimes or child abuse. (2 Cal. Code Regs. §649.40.) It is not clear from the allegations in the complaint what injuries plaintiff suffered or what crime he claims he was a victim of, or whether this crime would have entitled him to compensation from the state. Plaintiff does not allege that he requested a hearing before the Victim's Compensation Board, where he could have presented independent evidence supporting his claim for benefits. (See Gov. Code § 13959). The applicable state regulations specifically provide that an application for compensation shall not be denied solely on the basis that a criminal complaint was not filed against the alleged perpetrator. 2 Cal. Code Regs. § 649.61(a). Even assuming that loss of Victim's Compensation benefits could support a claim under 42 U.S.C. §1983 under a theory of injury to reputation (a novel legal theory), plaintiff's allegations are inadequate to support this cause of action.

**4.     Defendants' alleged actions do not "shock the conscience" for purposes of Fourteenth Amendment analysis.**

"[T]he touchstone of due process is protection of the individual against arbitrary action of government." (*Wolff v. McDonnell,* 418 U.S. 539, 558 (1974). The Supreme Court has

-7-

emphasized that "only the most egregious official conduct can be said to be arbitrary in the constitutional sense" and "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *County of Sacramento v. Lewis,* 523 U.S. 833, 846, 849 (1988).  Here, even if the report contained misstatements or omissions which the plaintiff finds objectionable, the officers' conduct simply does not rise to the level of a due process violation under the Fourteenth Amendment.

### 5. The officers are entitled to qualified immunity.

Analysis of the qualified immunity defense in a suit under section 1983 follows the two-step framework of *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, (2001), asking first whether the officer's conduct violated a federal right and, second, whether the right was clearly established at the time.  See *Blankenhorn v. City of Orange*, 485 F.3d 463, 470.  Here, as discussed above, plaintiff's constitutional rights were not violated.  But in addition, based on the facts pled in the complaint, the officers are entitled to qualified immunity because a reasonable officer would not have known that including information in a police report concerning plaintiff's history of drug use or arrests would be a constitutional violation.

### 6. Plaintiff does not allege the existence of an unconstitutional policy or custom.

It is well-established that "a municipality cannot be held liable under § 1983 on a *respondeat superior* basis." *Monell v. Dep't of Social Services,* 436 S.Ct. 658, 691, 98 S.Ct. 2018  (1978). Municipal liability must be based on an official policy or custom.  (*Id.* at 694.) Here, plaintiff does not allege the existence of any official policy or custom pursuant to which Officers Anton and Holt violated his civil rights.

-8-

MOTION FOR DISMISSAL, etc.                                                    C 08-03459 HFL

## C.

## ADDITIONAL GROUNDS FOR DISMISSAL OF PLAINTIFF'S STATE CAUSES OF ACTION

### 1. Plaintiff has not alleged compliance with the Government Claims Act.

California Government Code § 905 requires that "all claims for money or damages against local public entities" be presented to the responsible public entity before a lawsuit is filed. Claims for personal injury and property damage must be presented within six months after accrual; all other claims must be presented within one year. Gov. Code § 911.2. Failure to present a timely claim bars suit against the public entity. Gov. Code § 945.4; *City of Stockton v. Superior Court*, 42 Cal.4th 730, 734 (2008). Plaintiff does not allege that he complied with the requirements of the Government Claims Act. If he did not, his state law causes of action are barred.

### 2. The statute of limitations has expired.

Even assuming that plaintiff was excused from compliance with the Government Claims Act, the statute of limitations for personal injury causes of action in California is two years. Cal. Code Civ. Proc. § 335.1. As already noted, plaintiff's complaint was filed more than two years after the incident giving rise to the claim.

### 3. The California Information Practices Act does not apply to cities.

A large part of plaintiff's complaint is dedicated to his allegation that defendants violated the California Information Practices Act (Civil Code § 1798 *et. seq.*). However, the Information Practices Act applies only to state agencies. Local agencies such as cities are expressly exempt pursuant to Civil Code § 1798.3(b)(4). Therefore, plaintiff cannot state a cause of action under this statute.

-9-

MOTION FOR DISMISSAL, etc.                                           C 08-03459 HFL

**4.     Any state law causes of action for defamation and/or invasion of privacy is barred by California Government Code § 821.6 (prosecutorial immunity).**

California Government Code § 821.6 provides that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."  This section immunizes "not only the act of filing or prosecuting a judicial or administrative complaint, but also extends to actions taken in preparation for such formal proceedings".  The immunity covers conduct by police that harms the reputation of the accused, such as press releases and news briefings.  *Gillan v. City of San Marino,* 147 Cal.App.4th 1033, 1048.  Here, all of the conduct alleged in plaintiff's complaint appears to have occurred within the context of a criminal investigation, and therefore falls within the scope of the immunity granted by Government Code § 821.6.

**5.     Plaintiff has not pled sufficient facts to state a claim for invasion of privacy under the California Constitution.**

The elements of a cause of action for invasion of privacy under the California Constitution, Article I, Section 1, are "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy."  *Hill v. National Collegiate Athletic Assn.,* 7 Cal.4th 1, 39-40 (1994). Although disclosure of sensitive personal information may implicate the right to privacy, plaintiff's complaint insufficiently alleges that he had a reasonable expectation of privacy in the information which appeared in the police report.

In addition, for reasons previously discussed in connection with plaintiff's section 1983 action, he fails to allege facts sufficient to establish that a serious invasion of privacy occurred.

MOTION FOR DISMISSAL, etc.                                                                                                C 08-03459 HFL

Including information in a police report (a non-public record) that is reasonably relevant to a criminal investigation cannot, as a matter of law, constitute an invasion of privacy.

### D.

### THE COMPLAINT SHOULD BE DISMISSED OR QUASHED FOR DEFECTIVE SERVICE OF PROCESS

California Code of Civil Procedure § 414.10 and Federal Rule of Civil Procedure 4(c)(2) both provide that a summons must be served by a person at least 18 years of age who is not a party to the action.  Plaintiff's attempt to effectuate service by personally delivering the summons to the Sunnyvale Department of Public Safety (see Declaration of Marie Chia in Support of Motion for Dismissal) was not a proper method of serving the complaint and therefore subjects the complaint to dismissal under Rule 12(b)(5).  In the alternative, service should be quashed and plaintiff should be required to effectuate proper service.  Neither actual notice of the complaint, nor simply naming the person in the caption of the complaint, subjects a defendant to personal jurisdiction if service was not made in substantial compliance with Rule 4. *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir. 1982).

### III.

### CONCLUSION

Based on the information, allegations, and motions set forth above, defendants respectfully request that: (1) plaintiff's case be dismissed, with prejudice, as to all defendants, for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) in the alternative, that plaintiff be required to present a more definite statement pursuant to Rule 12(e) within ten (10) days of the notice, and (3), in the alternative, that the complaint be dismissed or quashed for improper service under Rule 12(b)(5).

-11-

MOTION FOR DISMISSAL, etc.                                                                                      C 08-03459 HFL

Dated: July 31, 2008                    CITY OF SUNNYVALE


                                        By: _____/S/_____
                                              Rebecca L. Moon
                                              Assistant City Attorney
                                              Attorneys for Defendants
                                              CITY OF SUNNYVALE, JAMES
                                              ANTON and BENJAMIN HOLT

MOTION FOR DISMISSAL, etc.                                        C 08-03459 HFL

**PROOF OF SERVICE BY MAIL**
*James Alan Bush v. James Anton, et. al.*
Case No.:  C 08-03459 HRL

I am a citizen of the United States and employed in Santa Clara County. My business address is 456 West Olive Avenue, Sunnyvale, California 94086.  I am over the age of 18 years and not a party to this action.

On July 31, 2008, I served the following document(s) described as:

**MOTION FOR DISMISSAL [FRCP 12(b)(6)], OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT [FRCP 12(e)], OR IN THE ALTERNATIVE, MOTION TO DISMISS OR QUASH FOR DEFECTIVE SERVICE OF PROCESS [FRCP 12(b)(5)]**

in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

James Alan Bush
1211 East Santa Clara Ave. #4
San Jose, CA 95116

[x]   (U.S. MAIL)  I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sunnyvale, California.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that practice is that correspondence is deposited with the United States Postal Service that same day as the day of collection in the ordinary course of business.

[ ]   [FACSIMILE]  By transmitting a true copy thereof by facsimile transmission from facsimile number (408) 730-7468 to the interested parties in said action at the facsimile number(s) shown above.

[ ]   [OVERNIGHT DELIVERY]  By placing a true copy thereof enclosed in a sealed envelope with delivery charges to be billed to the City of Sunnyvale, to be delivered by Federal Express Overnight Service to the address(es) shown above.

[ ]   [HAND DELIVERED]   By delivering a true copy thereof enclosed in a sealed envelope to the address(es) shown above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Certificate of Service is true and correct.  Executed on July 31, 2008, at Sunnyvale,  CA.

__/s/_____
SAM ROBERTS

-13-

MOTION FOR DISMISSAL, etc.                                                                                         C 08-03459 HFL